1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

10    TARBIYAT FAZAEI,                              Case No. 20-cv-00464-RS

            Plaintiff,
11
                                                   **ORDER GRANTING DEFENDANT'S**
12        v.                                       **MOTION FOR SUMMARY**
                                                   **JUDGMENT**
      MACY'S INC.,
13
            Defendant.
14

15

16                              **I. Introduction**

17          In this employment discrimination and wrongful termination lawsuit, Defendant Macy's

18    Inc. ("Macy's") moves for summary judgment. Plaintiff Tarbiyat Fazaei opposes the motion. In

19    her opposition, however, Fazaei does not meaningfully respond to Macy's legal arguments.[1]

20    Instead, she provides a variety of documents related to her disability and medical treatment

21    history, but makes no connection between these documents and the arguments made by Macy's, or

22    the elements of the causes of actions she asserted in her Complaint. Even when making "all

23    justifiable inferences" in Fazaei's favor, *Masson v. New Yorker Magazine,* 501 U.S. 496, 520

24    (1991), summary judgment for Macy's is appropriate. Fazaei has not identified any evidence to

25    establish a prima facie case of discrimination, retaliation, failure to engage in the interactive good-

26

27    ───────────────

[1] Fazaei did not file an opposition or response to Macy's motion by the filing deadline, and the
Court afforded her an additional opportunity to file a response. Fazaei filed a declaration in
28    opposition by the new deadline.

1   faith process, and failure to accommodate in violation of the California Fair Employment and

2   Housing Act ("FEHA"). Similarly, her failure to provide any evidence supporting her FEHA

3   claims precludes her ability to recover for wrongful termination and retaliation in violation of

4   public policy, as this common law claim is rooted in the public policies outlined in FEHA. Finally,

5   she has not pointed to any evidence to establish a prima facie case of intentional infliction of

6   emotional distress. Thus, Macy's motion for summary judgment is granted.

7                                          **II. Background**

8          Fazaei is a resident of California and was previously employed by Macy's at a store in San

9   Francisco. On November 13, 2016, she suffered a concussion from slipping and falling while at

10  work, and commenced a leave of absence. On January 24, 2017, her treating physician, Jonathan

11  S. Rutchik, MD, MPH ("Dr. Rutchik") released Plaintiff to return to work with the following

12  restrictions: "The patient is limited to no more than occasional standing and walking. No more

13  than occasional bending and lifting and carrying should be limited to no more than 5 pounds."

14  Declaration of Kelli Noonan ("Noonan Decl."), Ex. A. On February 3, 2017, a human resources

15  employee at Macy's offered Fazaei a temporary light duty position, during which she would

16  interact with customers while seated at a table. Fazaei declined this accommodation on multiple

17  occasions, stating that she did not feel she could travel to the store, but did not provide human

18  resources with documentation of a medical restriction on her ability to commute. *See* Noonan

19  Decl., Ex. B; Plaintiff Deposition, Vol. 2, at pgs. 74-79.

20         Plaintiff eventually accepted a light duty position that involved discussing the Macy's

21  rewards program while seated at a table, and returned to work on June 13, 2017. After that day at

22  work, Plaintiff decided she could not perform the job because the chair had wheels. Noonan Decl.

23  at ¶ 12; Plaintiff Deposition, Vol. 2, at pgs. 90, 92-93. A human resources employee offered her a

24  different light duty position, pinning dress shirts while seated in an area off the sales floor, but

25  Fazaei declined this position, opting instead to take a leave of absence. Noonan Decl., Ex. F.

26  Multiple times over the course of the following months, Fazaei submitted documentation from her

27

28

1    psychologist, Dr. Margaret Jones ("Dr. Jones"), stating that Fazaei should not return to work.[2]

2    On November 30, 2017, Macy's sent a letter to Fazaei requesting that Dr. Rutchik

3    complete a form to help Macy's determine the appropriate accommodations for Fazaei, and to

4    return the form by December 15, 2017. Noonan Decl., Ex. L. Fazaei did not provide the requested

5    documentation, so Macy's sent her a letter on December 19, 2017 notifying her that her

6    employment was being terminated. Noonan Decl., Ex. M. Plaintiff then obtained the requested

7    documentation, which both stated she could not presently return to work and described the

8    accommodations she would require once she could return. In response, Macy's reinstated her

9    employment. Noonan Decl. at ¶ 22. In March 2018, Dr. Jones signed documentation stating that

10   Fazaei could return to work on May 1, 2018, with similar restrictions outlined by Dr. Rutchik as

11   before, and with Dr. Jones adding that Fazaei should work only one or two days per week. Noonan

12   Decl., Ex. P. Nonetheless, Fazaei did not return to work, and instead notified Macy's on July 7,

13   2018 that she had been deemed totally temporarily disabled. Noonan Decl., Ex. Q.

14   In September 2018, Dr. Jones indicated Fazaei could return to work with restrictions, and a

15   human resources employee offered her a position consistent with the restrictions identified by Dr.

16   Jones. Plaintiff Deposition, Vol. 2, at pgs. 182-84; Noonan Decl., Ex. S. Fazaei worked in the new

17   position for three weeks, then requested and was granted a leave of absence.[3] Plaintiff Deposition,

18   Vol. 2, at pgs. 185-86; Noonan Decl. at ¶ 29. Dr. Jones signed multiple notes indicating Fazaei

19   could not return to work, with a later note indicating she could not return until May 2019. *See*

20   Noonan Decl., Ex. W. That May, Macy's sent Fazaei a letter to coordinate her return to work, with

21   a follow-up letter the next month after Fazaei failed to respond. Noonan Decl., Exs. X, Y. A week

22   later, Dr. Jones signed documentation listing a variety of restrictions on Fazaei's work. Noonan

23

24   [2] On August 25, 2017, Macy's erroneously told Fazaei that her employment was terminated after
     making a mistake in processing documentation from Dr. Jones, but fixed the error and notified
25   Fazaei that her employment was not terminated. *See* Noonan Decl., Ex. J.

26   [3] Plaintiff believed she could not perform the assigned role because it required too much bending,
     but at this time she did not have a restriction on bending from Dr. Rutchik, as he had not provided
27   any restrictions on her work.

28

United States District Court
Northern District of California

1   Decl., Ex. Z.

2       In early November 2019, Kwadjelyn Sims, an employee in Macy's Accommodation and

3   Disability Leave Management Department emailed Fazaei and left her voicemails on multiple

4   occasions before eventually speaking with Fazaei on November 14, 2019. Declaration of

5   Kwadjelyn Sims ("Sims Decl."), at ¶¶ 4-6. When Sims sought to discuss possible

6   accommodations, Fazaei ended the call when she learned Sims was typing during the call. Sims

7   Decl., at ¶ 6. Sims reached out to Fazaei on multiple other occasions to have a phone call to

8   discuss accommodations, but Fazaei declined to speak with Sims, telling her to conduct all

9   communications via email. Sims Decl., at ¶¶ 7-13. On December 30, 2019, Sims mailed and

10  emailed Fazaei a letter indicating that if she did not hear back from Fazaei by January 12, 2020,

11  her employment would be terminated. Sims Decl. at ¶ 15, Exs. L, M. After Fazaei again indicated

12  she would only communicate by email, Sims terminated Fazaei's employment on January 15,

13  2020 due to failure to return to work. Sims Decl., at ¶ 18.

14      In August 2019, Fazaei filed a complaint with the California Department of Fair

15  Employment and Housing ("DFEH"). She then filed this lawsuit in San Francisco County

16  Superior Court in November 2019, presenting six causes of action. Four of these causes of action

17  allege violations of FEHA, California Government Code § 12940 et seq.: (1) disability

18  discrimination; (2) disability retaliation; (3) failure to engage in the mandatory good-faith

19  interactive process; and (4) failure to accommodate. Fazaei also alleges two common law causes

20  of action: (1) intentional infliction of emotional distress and (2) retaliation and wrongful

21  termination in violation of public policy. Macy's removed the case to this Court in January 2020.

22  Since the withdrawal of her counsel in November 2020, Fazaei has proceeded pro se.[4]

23                          **III. Legal Standard**

24      Summary judgment is proper "if the movant shows that there is no genuine dispute as to

25

26  _____

27  [4] Fazaei was previously referred to the Federal Pro Bono Project, but the Project was unable to
    find counsel for her.

28

United States District Court
Northern District of California

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which it bears the burden of proof at trial. *Id.* at 322-23.

To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986). The trial court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson,* 501 U.S. at 520. Pro se litigants are subject to the same rules at summary judgment as those represented by counsel. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

**IV. Discussion**

As a preliminary matter, Macy's argues that Fazaei's claims for incidents that occurred prior to August 5, 2018 are time-barred. Fazaei filed her complaint with DFEH on August 5, 2019. As explained below, however, even when considering incidents prior to August 5, 2018, summary judgment in favor of Macy's is proper as to each of Fazaei's claims, and thus the question of whether any incidents are time-barred need not be addressed.

**A.  Disability discrimination**

To establish a prima facie case of discrimination under FEHA, a plaintiff must provide

1    evidence showing "(1) he was a member of a protected class, (2) he was qualified for the position

2    he sought or was performing competently in the position he held, (3) he suffered an adverse

3    employment action, such as termination, demotion, or denial of an available job, and (4) some

4    other circumstance suggests discriminatory motive." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355

5    (2000); *see also* Cal. Gov't Code § 12940(a). "If the employer presents admissible evidence either

6    that one or more of plaintiff's prima facie elements is lacking, or that the adverse employment

7    action was based on legitimate, nondiscriminatory factors, the employer will be entitled to

8    summary judgment unless the plaintiff produces admissible evidence which raises a triable issue

9    of fact material to the defendant's showing." *Caldwell v. Paramount Unified Sch. Dist.*, 41 Cal.

10   App. 4th 189, 203 (1995), *as modified on denial of reh'g* (Jan. 17, 1996). Physical disability is a

11   protected ground under FEHA. *See* Cal. Gov't Code § 12940(a).

12        Fazaei has failed to put forth any evidence of a discriminatory motive for any of the events

13   she avers are adverse employment actions. An allegation of discrimination is insufficient to defeat

14   an employer's presentation of a nondiscriminatory reason for the adverse employment action. *See*

15   *Horn v. Cushman & Wakefield W., Inc.*, 72 Cal. App. 4th 798, 806-07 (1999) (explaining that an

16   employee must provide "substantial evidence" that an employer's stated reason was untrue or

17   pretextual, or "evidence the employer acted with a discriminatory animus" in order to avoid

18   summary judgment). Fazaei has set forth no more than allegations of pretext or animus, and thus

19   summary judgment is granted to Macy's on this claim.

20        **B.  Disability retaliation**

21        To establish a prima facie case of retaliation, a plaintiff must show three elements: (1) "he

22   engaged in a protected activity," (2) "his employer subjected him to adverse employment action,"

23   and (3) "there is a causal link between the protected activity and the employer's action." *Flait v. N.*

24   *Am. Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992). A retaliation claim is analyzed similar to a

25   discrimination claim, in that a defendant may articulate a legitimate, nonretaliatory explanation for

26   its actions to rebut the prima facie case, shifting the burden again to the plaintiff to show that the

27   explanation is merely pretextual. *Id.*

28

1    Even assuming Fazaei has established a prima facie case, Macy's has offered evidence in

2    rebuttal, showing that it terminated Fazaei's employment after she had been on leave for two years

3    and had failed to engage in the interactive process. Fazaei largely points to the temporal proximity

4    of the termination to her complaints, "[b]ut temporal proximity alone is not sufficient to raise a

5    triable issue as to pretext once the employer has offered evidence of a legitimate,

6    nondiscriminatory reason for the termination." *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 353

7    (2008). Thus, there is no dispute of material fact, and summary judgment is granted to Macy's on

8    this claim.

9    **C.  Failure to engage in the good-faith interactive process**

10    FEHA makes it unlawful for an employer "to fail to engage in a timely, good faith,

11    interactive process with the employee or applicant to determine effective reasonable

12    accommodations, if any, in response to a request for reasonable accommodation by an employee

13    or applicant with a known physical or mental disability or known medical condition." Cal. Gov't

14    Code § 12940(n). "The 'interactive process' required by the FEHA is an informal process with the

15    employee or the employee's representative, to attempt to identify a reasonable accommodation that

16    will enable the employee to perform the job effectively." *Scotch v. Art Institute of California*, 173

17    Cal. App. 4th 986, 1013 (2009) (quoting *Wilson v. County of Orange*, 169 Cal. App. 4th 1185,

18    1195 (2009). "Both the employer and the employee are responsible for participating in the

19    interactive process." *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 600 (2016).

20    Macy's has put forth evidence that Fazaei refused to engage in the good-faith interactive

21    process. For the good-faith process to work, "both sides must communicate directly, exchange

22    essential information and neither side can delay or obstruct the process." *Nadaf-Rahrov v. Neiman

23    Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984-85 (2008). Macy's has set forth evidence that

24    Fazaei delayed and obstructed the good-faith process prior to her termination, as she refused to

25    communicate over the phone with Sims, the Macy's employee charged with discussing possible

26    accommodations with Fazaei. Fazaei does not put forth any evidence to contest Macy's

27    characterization of the good-faith interactive process. As the evidence put forth demonstrates that

28    ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 20-cv-00464-RS

United States District Court
Northern District of California

1    Fazaei, not Macy's, was responsible for a breakdown in communications, summary judgment for

2    Macy's is granted as to this claim.

3        **D.  Failure to accommodate**

4        California Government Code § 12940(m)(1) requires an employer to "make reasonable

5    accommodation for the known physical or mental disability of an . . . employee." An employer is

6    not required to provide every requested accommodation, but rather only accommodations that are

7    reasonable. *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 228 (1999). Further, a plaintiff

8    must show she is able to perform the job with reasonable accommodations, as FEHA limits its

9    "protective scope to those employees with a disability who can perform the essential duties of the

10   employment position with reasonable accommodation." *Green v. State of California*, 42 Cal. 4th

11   254, 264 (2007).

12        Macy's has presented evidence that it offered Fazaei a variety of accommodations over

13   two years, but in the end, the only accommodation Fazaei was willing to accept was a leave of

14   absence. "Reasonable accommodation does not require the employer to wait indefinitely for an

15   employee's medical condition to be corrected." *Hanson*, 74 Cal. App. 4th at 226-27 (internal

16   quotation marks and citation omitted).

17        Further, each time Macy's offered Fazaei an accommodation to allow her to return to

18   work, Macy's has established that the provided accommodation was reasonable. Fazaei alleges

19   that the position she was given in June 2017—interacting with customers while seated in a rolling

20   chair—violated her work restrictions because she could not sit in such a chair, but she admitted

21   that her doctor never gave her a restriction of requiring the use of a chair without wheels. That

22   same month, Fazaei declined another light duty position offered by Macy's. In September 2018,

23   Fazaei stopped another light duty position after three weeks because she said it involved too much

24   bending, but she admits that she did not have a bending work restriction at that time. On other

25   occasions, in December 2017 and January 2020, Macy's did not provide an accommodation to

26   Fazaei because she failed to supply the requested documentation concerning her restrictions. The

27   evidence Macy's advances establishes that it provided a reasonable accommodation consistent

28

United States District Court
Northern District of California

1   with Fazaei's documented work restrictions, or allowed her a leave of absence when that was her

2   preference. Once again, Fazaei offers no evidence to establish any dispute of fact concerning this

3   claim. Summary judgment on this claim is therefore granted to Macy's.

### E.   Intentional infliction of emotional distress

5   "The elements of a cause of action for intentional infliction of emotional distress are: (1)

6   outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability

7   of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate

8   causation of the emotional distress." *Wong v. Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (internal

9   quotation marks and citation omitted). Fazaei's intentional infliction of emotional distress claim is

10   predicated on the same conduct as her FEHA claims. To mount a successful intentional infliction

11   of emotional distress claim, the defendant's conduct must be so "extreme and outrageous as to go

12   beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a

13   civilized community." *Alcorn v. Anbro Eng'g*, 2 Cal.3d 493, 499 n.5 (1970). Macy's legally

14   permissible conduct concerning Fazaei's disability and employment can hardly be characterized as

15   "beyond all possible bounds of decency." Summary judgment is therefore granted to Macy's on

16   this claim.

### F.   Retaliation and wrongful termination in violation of public policy

17   "[W]hen an employer's discharge of an employee violates fundamental principles of public

18   policy, the discharged employee may maintain a tort action and recover damages traditionally

19   available in such actions." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170 (1980). If the plaintiff

20   "relies upon a statutory prohibition to support [this] common law cause of action," though, this

21   common law claim "is subject to statutory limitations affecting the nature and scope of the

22   statutory prohibition[.]" *Stevenson v. Superior Court*, 16 Cal. 4th 880, 904 (1997). As explained

23   above, Fazaei has not presented any evidence to show that conduct prohibited by FEHA occurred,

24   and thus she cannot recover for wrongful termination or retaliation in violation of public policy.

25   Summary judgment is therefore granted to Macy's on this claim.

26

27

28

## V. Conclusion

For all the foregoing reasons, Macy's motion for summary judgment is granted.[5]

**IT IS SO ORDERED**.

Dated: March 21, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[5] Macy's also argued that Fazaei's claim for punitive damages should be dismissed. As summary judgment is granted to Macy's as to each claim, it is unnecessary to address the claim for punitive damages.